UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNIE J. JESSIE,

    Plaintiff,

v.                                      CASE No. 8:09-CV-1546-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty years old at the time of the most recent administrative hearing and who has about an eighth or ninth grade

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

education, has worked as a fruit picker, truck driver, stacker, and fruit roller (Tr. 609, 691). He filed a claim for Social Security disability benefits, alleging that he became disabled in May 2004 due to a back injury and knee problems (Tr. 51). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of lumbar spine pain/sprain and borderline intellectual functioning (Tr. 15). She concluded that these impairments allowed the plaintiff to perform light work lifting no more than twenty-five pounds with simple, routine, and repetitive instructions and to avoid repetitive bending or twisting (Tr. 16). The law judge determined that these limitations prevented the plaintiff from returning to past work (Tr. 18). However, based upon the testimony of a vocational expert, the law judge ruled that jobs exist in the national economy in significant numbers that the plaintiff could perform (Tr. 19). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

The plaintiff then sought judicial review in this court of the Commissioner's decision (Case No. 8:07-CV-924-T-TGW). Upon motion of the Commissioner, the matter was remanded to consider additional evidence of the plaintiff's intelligence and adaptive functioning (Tr. 459-65). The Appeals Council vacated the law judge's decision and remanded the case to the law judge (Tr. 467-71)

After remand, another hearing was conducted by the same law judge. Following the hearing, the law judge found that the plaintiff has lumbar spine pain/strain and borderline intellectual functioning (Tr. 442). She determined further that the plaintiff did not meet the listing in Appendix 1 for mental retardation and therefore could not be deemed disabled on that basis (Tr. 444). The law judge concluded that the plaintiff's impairments limited him to "perform[ing] simple, routine, and repetitive tasks. He is to avoid repetitive bending, twisting, or lifting over 25 pounds. He could not repetitively lift 25 pounds" (Tr. 445). In view of this conclusion, the law judge ruled that the plaintiff could not perform past work. However, based upon the testimony of a vocational expert, the law judge ruled that jobs exist in the national economy in significant numbers that the plaintiff could

perform, such as machine operator and garment bagger (Tr. 448). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner, stating that her opinion "provided well supported rationale that the evidence does not show that the claimant had an onset date of mild mental retardation prior to age 22 and that he is capable of light unskilled work" (Tr. 431).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither has merit.

The plaintiff's primary challenge is to the law judge's conclusion that the plaintiff did not meet, or equal, listing 12.05 B or C of Appendix 1 for mental retardation (Doc. 19, p. 5). A condition listed in Appendix 1 is considered so severe that a plaintiff who meets, or equals, a listing is deemed disabled without regard to vocational considerations. 20 C.F.R. Part 404, Subpart P, Appendix 1; Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff bears the burden of showing that he meets, or equals, a listing. McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).

Moreover, "when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation 404.1520(d), he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

As indicated, the plaintiff contends that he meets listings 12.05 B and C of Appendix 1. Those listings state:

> 12.05 *Mental Retardation*: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;

or

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; ...

No specific IQ testing was done until the plaintiff filed for benefits well after age 22. Thus, his school records do not show that his IQ scores met the listing criteria during the developmental period.[2]

In connection with his application for benefits, the plaintiff was tested for his intelligence two times. In 2006, Paul A. Foks, a licensed school psychologist, assigned the plaintiff a verbal IQ score of 56, a performance IQ score of 55, and a full scale IQ score of 57 (Tr. 120). Then, in 2008, psychologist Dr. Steven K. Abraham administered an intelligence test yielding similar results: a verbal IQ score of 58, a performance IQ score of 55, and a full scale IQ score of 52 (Tr. 534).

As the plaintiff points out, the Eleventh Circuit has held that there is a rebuttable presumption that IQ test results are fairly constant

---

[2] The standard definitions of mental retardation provide that it manifests before age 18. See Atkins v. Virginia, 536 U.S. 304, 309 n.3 (2002). However, listing 12.05 permits onset before age 22. See 20 C.F.R. Part 404, Subpart P. App. 1, listing 12.05.

throughout life, so that a low IQ score at a later age is presumed to be present before age 22. Hodges v. Barnhart, 276 F.3d 1265, 1268-69 (11th Cir. 2001). Consequently, it is appropriate to presume that the plaintiff had qualifying IQ scores before age 22.

However, to meet, or equal, listing 12.05, the plaintiff cannot simply rely upon IQ scores. In order to meet listing 12.05, the plaintiff had to demonstrate not only that he had a qualifying IQ score, but also that he had "deficits in adaptive functioning initially manifested during the developmental period." Accordingly, in Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997) (emphasis added), the court said that, "[t]o be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." Crayton establishes that the plaintiff is wrong to assert that the law does not require an analysis of adaptive behavior (Doc. 19, p. 9).

Since the plaintiff thought (erroneously) that the law did not require an analysis of adaptive behavior, he made no attempt to show that he

had deficits in adaptive behavior at all, much less that they manifested before age 22. Moreover, the record contradicts adaptive behavior deficits. Thus, the plaintiff has a long-term marriage, four children, a driver's license, a history of daily activities, including playing ball, before he hurt his back and knees (Tr. 87), and, most significantly, a lengthy work history. In light of these circumstances, the plaintiff presumably did not have deficits in adaptive behavior before age 22.

The plaintiff therefore did not demonstrate that he meets, or equals, listing 12.05. That is true of both sections B and C.

The plaintiff contends, second, that he is disabled under the medical-vocational guidelines (Doc. 19, p. 11). In this case, the law judge obtained testimony from a vocational expert. The plaintiff, without citing any authority, apparently contends that the vocational expert should not have been employed, and that the plaintiff should have been found disabled under the guidelines. This contention is without merit because two of the factors relied upon by the plaintiff in his application of the guidelines were not found by the law judge.

The plaintiff in this contention points to the guideline of light work for a person approaching advanced age who is illiterate (id.). The law judge, however, did not find that the plaintiff is illiterate. Rather, she found the plaintiff has a limited education and is able to communicate in English (Tr. 447).

The law judge's finding is supported by the fact that the plaintiff went to school through the eighth grade, albeit with special education. The regulations provide that a seventh grade through the eleventh grade level of formal education is generally considered a limited education. 20 C.F.R. 404.1564(b)(3).

In any event, in view of the plaintiff's schooling, the evidence does not compel a finding that the plaintiff is illiterate. See Adefemi v. Ashcroft, supra. As long as the plaintiff is literate and able to communicate in English, the guidelines direct a finding of not disabled. Rule 202.11, App. 2, 20 C.F.R. Part 404, Subpart P.

Moreover, the law judge's finding that the plaintiff can lift up to twenty-five pounds provides an additional reason for the law judge to call a vocational expert instead of relying upon the guideline cited by the plaintiff.

Social Security Ruling 83-12 indicates that a law judge should consult a vocational expert when the residual functional capacity, age, education, and work experience factors do not coincide exactly with the definitions of the ranges of work. 1983 WL 31253 at *2 (S.S.A.); see 20 C.F.R. Part 404, Subpart P, App. 2, §200.00(a).

In this case, the limitation to lifting up to twenty-five pounds falls in between light and medium work. Accordingly, the law judge is not allowed to apply the guidelines since "one of the findings of fact about the person's vocational factors and residual functional capacity is not the same as the corresponding criterion of a rule." 20 C.F.R. 404.1569. "Thus, for example, an individual's ability to engage in substantial gainful work where his or her residual functional capacity falls between the ranges of work indicated in the rules (e.g., the individual who can perform more than light but less than medium work), is decided on the basis of the principles and definitions in the regulations, giving consideration to the rules for special case situations in this Appendix 2." 20 C.F.R. Part 404, Subpart P, App. 2, §200.00(d). Accordingly, the finding that the plaintiff can lift twenty-five pounds – a finding that the plaintiff does not challenge – required the use of

a vocational expert and precluded the use of the guidelines. Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

Finally, it is noted that the plaintiff points out that on a subsequent application the plaintiff has been awarded disability benefits (Doc. 19, p. 1). He asserts – without any citation to law or facts in contravention of the scheduling Order (Doc. 11, p. 2) – that because the award was from the day following the law judge's decision, benefits should be awarded for the prior period (Doc. 19, p. 12). There is no showing regarding the basis for the award or the administrative level at which it was rendered. From all that appears, the decision might have been based upon some ground not asserted in this case. In all events, that determination does not alter the conclusion that the decision here is supported by substantial evidence. That is so even if there is substantial evidence supporting the favorable decision. Under the substantial evidence test, decision-makers may reasonably arrive at different conclusions.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 11th day of June, 2010.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE